IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:19-cv-00345 |
| DOXA ENTERPRISES, LTD. | § § § | |
| Defendant. | § | |

**MT. HAWLEY INSURANCE COMPANY'S ORIGINAL COMPLAINT
FOR DECLARATORY JUDGMENT APPOINTING APPRAISAL UMPIRE
AND SETTING SCOPE OF APPRAISAL**

Mt. Hawley Insurance Company ("Mt. Hawley") files this Original Complaint for Declaratory Judgment Appointing Appraisal Umpire and Setting Scope of Appraisal pursuant to 28 U.S.C. § 2201(a), and would respectfully show this Court as follows:

## I.
## INTRODUCTION

1. This is a first-party insurance dispute involving a storm damage claim where the appraisal process has been invoked. Under the terms of the applicable Mt. Hawley policy, either party can invoke the right to appraisal where there is a disagreement regarding the amount of loss applicable to an insurance claim. Once appraisal is invoked, both parties are required to designate an appraiser and then the appraisers attempt to agree upon an umpire. The policy further states that if the appraisers cannot agree on an umpire within fifteen days, either may request that selection be made by a judge of a court having jurisdiction.

2. The parties hereto have selected their respective appraisers. The appraisers have not been able to agree upon the appointment of an umpire. As a result, pursuant to the terms of

the applicable insurance policy, Mt. Hawley files this declaratory judgment petition asking the Court to (1) appoint an impartial umpire for purposes of the appraisal process, and (2) declare the scope of the appraisal and the form of any appraisal award will take.

## II.
## PARTIES

3. Plaintiff Mt. Hawley Insurance Company is an Illinois corporation with its principal place of business in Peoria, Illinois. As such, Mt. Hawley is a citizen of the State of Illinois, and is not a citizen of the State of Texas.

4. Defendant Doxa Enterprises, Ltd. ("Doxa") is a Texas limited partnership. The limited partner of Doxa is Theodore Dimopoulos, a citizen of Texas. The general partner of Doxa is Doxa Management, Inc., a Texas corporation with its principal place of business in Texas. As such, Doxa is a citizen of the State of Texas, and is not a citizen of the State of Illinois. Service of process may be accomplished on Doxa by serving its registered agent, Theodore Dimopoulos at 5850 Everhart Rd., Corpus Christi, TX 78413.

## III.
## JURISDICTION AND VENUE

5. Venue is proper in this Court because the property that is the subject of the insurance claim at issue is located in this district, and a substantial portion of the events giving rise to this suit occurred in this district. *See* 28 U.S.C. § 1391(b)(2).

6. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

7. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.* for the purpose of determining rights and responsibilities under an insurance policy and an actual

controversy between the parties, namely, the inability to agree to an umpire for an appraisal, as contractually required.

## IV.
## BACKGROUND

8.      Mt. Hawley issued a policy of insurance to Doxa, Policy No. MCP 0165312, effective October 26, 2016 to October 26, 2017 (the "Policy"), providing property coverage to two restaurant/bar properties owned by Doxa and located in Corpus Christi, Texas (the "Properties").

9.      On November 9, 2017, Doxa submitted a claim under the Policy for damage to the Properties, which it asserts was caused by Hurricane Harvey (the "Claim"). Thereafter, Mt. Hawley retained an independent adjuster with Engle Martin & Associates ("EMA") and engineer with U.S. Construction Consultants ("USCC") to investigate the Claim.

10.     Mt. Hawley's investigation of the Claim, including inspections performed by EMA and USCC, revealed no storm-related damage to the roofs of the Properties and no storm-created openings in the exterior of the Properties.  EMA did observe some very minor damage that potentially could have been caused by the storm.  EMA prepared estimates of the cost to repair that minor damage, which did not exceed the applicable Policy deductible.

11.     During Mt. Hawley's investigation of the Claim, Doxa submitted two estimates prepared by its public adjuster.  Those estimates were for complete replacement of the roofs of the Properties and extensive repairs to various interior and exterior portions of the Properties. Significantly, however, neither Doxa nor its public adjuster submitted any information calling into question the opinions of EMA and USCC that the Properties sustained no storm damage from Hurricane Harvey that would require replacing the roofs or making the extensive interior and exterior repairs reflected in Doxa's estimates.

12. On or about February 27, 2018, Mt. Hawley informed Doxa that any minor amount of storm damage to the Properties that was even potentially covered by the Policy would not exceed the Policy deductible and that there was no other covered damage to the Properties.

13. On or about February 26, 2019, Doxa invoked the appraisal provision of the Policy and appointed Chris Lackey as its appraiser. Thereafter, Mt. Hawley appointed Steve Hardgrave of J.S. Held as Mt. Hawley's appraiser.

14. The Policy contains an appraisal provision, which provides:

> **Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and independent appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

15. Mr. Lackey and Mr. Hardgrave have each suggested individuals to serve as umpires, but have not been able to reach an agreement regarding an umpire. Mt. Hawley's appraiser, Mr. Hardgrave, proposed three individuals: Thomas Koralewski, an independent adjuster; Rick Whitworth, a building consultant; and Gary Boyd, a roofing contractor, all of whom have experience as property insurance appraisal umpires.

16. Due to the lack of agreement between the parties' respective appraisers on an appraisal umpire, and pursuant to the appraisal provision of the Policy, Mt. Hawley files this

declaratory judgment action asking this Court to appoint an umpire for purposes of the appraisal and to declare the scope of appraisal.

## V.
## COUNT I -- DECLARATORY JUDGMENT
## APPOINTMENT OF APPRAISAL UMPIRE

17. In the context of appraisal, the umpire serves as a <u>neutral</u> party to resolve disputes regarding the amount of loss which cannot be agreed upon by the appraisers. That is precisely why Mt. Hawley's appraiser proposes appointing Mr. Whitworth or Mr. Boyd to act as the appraisal umpire.

18. As noted above, the appraisers chosen by Doxa and Mt. Hawley have not agreed on an umpire. Accordingly, Mt. Hawley requests that the Court issue a declaratory judgment appointing Mr. Koralewski, Mr. Whitworth, Mr. Boyd, or someone with similar experience, as an impartial umpire of this insurance dispute.

## COUNT II – DECLARATORY JUDGMENT
## SCOPE OF APPRAISAL

19. As set forth above, Mt. Hawley's investigation of the Claim, including the observations and conclusions of an independent adjuster and a licensed engineer, revealed no storm-related damage to the roofs of the Properties and no storm-created openings to the exterior of the Properties.[1] The only damage to the Properties even potentially attributable to Hurricane Harvey was very minor and did not exceed the applicable Policy deductible.

20. Doxa and its public adjuster, on the other hand, claim that Mt. Hawley must pay to replace the roofs and to make extensive interior and exterior repairs to the Properties, even

---

[1] The Policy limits coverage of interior water damage to circumstances in which the roof or exterior walls of the insured property first sustain covered damage through which the water enters the interior. *See* Policy, C. Limitations, 1.(c). In this case, because there were no storm-created openings in the roofs or exterior walls of either of the Properties, there is no coverage for any interior water damage.

though they have submitted no evidence that the Properties sustained storm-related damage necessitating such repairs and replacement.

21.     As a result, Mt. Hawley respectfully requests a judicial declaration that the any written appraisal award be in a form that will preserve for determination by the Court issues pertaining to causation and coverage. Such a form would require the appraisers and umpire to state the amount of loss separately for each of the Properties and for each major building component (i.e., roofs, exterior walls and windows, interior water damage, etc.), but make no determination regarding causation or coverage.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Mt. Hawley respectfully requests that the Court enter an Order appointing an umpire, declaring the scope of appraisal, and awarding Mt. Hawley any other relief, at law or in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

*/s/ Greg K. Winslett*
Greg K. Winslett, TXBN 21781900
Michael D. Feiler, TXBN 24055475
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Phone: (214) 871-2100
Fax: (214) 871-2111
gwinslett@qslwm.com
mfeiler@qslwm.com

***ATTORNEYS FOR MT. HAWLEY INSURANCE COMPANY***