IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MT. HAWLEY INSURANCE COMPANY,    §
§
    Plaintiff,    §
§
v.    §    Civil Action No. 2:19-cv-00345
§
DOXA ENTERPRISES, LTD.    §
§
    Defendant.    §

**MT. HAWLEY INSURANCE COMPANY'S**
**MOTION FOR SUBSTITUTE SERVICE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Mt. Hawley Insurance Company ("Mt Hawley"), filing its Motion

for Substitute Service, and would respectfully show the Court as follows:

**BACKGROUND**

This case involves a claim under a first-party commercial property policy of insurance, in

which the insured has invoked appraisal.  Pursuant to the appraisal provision, both the insured and

Mt. Hawley designated appraisers, but those appraisers failed to agree on an appraisal umpire.

Accordingly, on November 18, 2019 Mt. Hawley filed its Original Complaint [Doc. 1], which

requests that the Court appoint an appraisal umpire and make a judicial determination as to the

scope of appraisal and the form of any appraisal award.

On January 23, 2020, summons was issued to serve Defendant Doxa Enterprises, Ltd.

("Doxa") with Mt. Hawley's Original Complaint.

Thereafter, Mt. Hawley hired a process server to personally serve Doxa's registered agent,

Theordore Dimopolous, with the summons and Mt. Hawley's Complaint.  According to the

attached declaration of Mt. Hawley's process server, they have attempted to personally serve

Doxa's registered agent four times but have been unable to effectuate service. *See* Proof of Service, a true and correct copy of which is attached hereto as **Exhibit A**.

On February 24, 2020, the undersigned requested that counsel for Doxa accept/waive service. After several follow-up emails, on March 27, 2020, Doxa's counsel informed the undersigned that Doxa would not accept/waive service of process. *See* email chain, a true and correct copy of which is attached hereto as **Exhibit B**.

<u>**MOTION FOR SUBSTITUTE SERVICE**</u>

The Federal Rules of Civil Procedure authorize service on partnerships and other unincorporated entities by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the judicial district is located. *See* Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1).

Pursuant to Texas law, after unsuccessful attempts at personal service have been made and upon an affidavit stating that attempts at personal service have been unsuccessful, a court may authorize service "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." *See* Tex. R. Civ. P. 106(b)(2). The Texas Supreme Court has authorized service by mail where evidence establishes that such service is reasonably calculated to provide notice. *See State Farm Fire and Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). In addition, service on a party's counsel has been authorized by Texas courts in situations where a client cannot be located. *See La Cantera Dev. Co. v. Western Rim Props. Svcs.*, No. SA-09-cv-691-XR, 2010 WL 417409, at *5 (W.D. Tex. Jan. 29, 2010), citing *Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio 1987, no writ).

Pursuant to chapter 5.251 of the Texas Business Organizations Code, the Texas Secretary of State is an agent for service of process if "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."  *See* Tex. Bus. Org. Code §5.251(1)(B).  The Texas Secretary of State is amenable to service by certified mail, return receipt requested ("CMRRR").  *See* Tex. R. Civ. Proc. 103; Tex. Civ. Prac. & Rem. Code § 17.026.  The address to serve the Texas Secretary of State by CMRRR is as follows:

> Service of Process
> Secretary of State
> P.O. Box 12079
> Austin, Texas 78711-2079[1]

As discussed above, Mt. Hawley's process server has diligently attempted service on Doxa's registered agent at least four times, but all efforts to personally serve Doxa's registered agent, Theodore Dimopolous, have been unsuccessful.[2]  Accordingly, Mt. Hawley respectfully submits that the Court should order substitute service allowing Mt. Hawley to serve Doxa by delivering a copy of the summons, Mt. Hawley's Complaint, and the Court's Order authorizing substitute service, by the following methods collectively:

1. CMRRR and regular first-class mail to Theodore Dimopoulos, Doxa Enterprises' registered agent, at the address identified in Doxa's latest filing with the Texas Secretary of State's office,[3] and on the Mt. Hawley Policy,[4] as follows:

   > 5850 Everhart Rd.
   > Corpus Christi, TX 78413

2. CMRRR to the Texas Secretary of State, as follows:

   > Service of Process
   > Secretary of State

---

[1] *See* Texas Secretary of State website (https://www.sos.state.tx.us/corp/service-of-process.shtml), last visited Apr. 27, 2020.

[2] *See* Proof of Service, a true and correct copy of which is attached hereto as **Exhibit A**.

[3] *See* Declaration of Michael D. Feiler (**Ex. C**) and Franchise Tax Report (**Exhibit C-1**).

[4] *See* Certified Policy, Declarations, a true and correct copy of which is attached hereto as **Exhibit D**.

P.O. Box 12079
Austin, Texas 78711-2079

3.      CMRRR and regular mail to J. Ryan Fowler, Doxa's counsel, as follows:

J. Ryan Fowler
Merlin Law Group
515 Post Oak Blvd., Ste. 510
Houston, TX 77027

WHEREFORE, Mt. Hawley Insurance Company respectfully requests that the Court grant

this Motion in its entirety and enter an Order authorizing substitute service as provided above and

for such other relief as the Court deems proper.

Respectfully submitted,

*/s/ Michael D. Feiler*
GREG K. WINSLETT
Attorney-In-Charge
State Bar No. 21781900
S.D. Tex. Bar No. 13078
gwinslett@qslwm.com
MICHAEL D. FEILER
State Bar No. 24055475
S.D. Tex. Bar No. 705199
mfeiler@qslwm.com
QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
 (214) 871-2100 (Telephone)
 (214) 871-2111 (Facsimile)

**ATTORNEYS FOR MT. HAWLEY
INSURANCE COMPANY**